| | |
|---|---|
| 1 | KAREN P. HEWITT |
|  | United States Attorney |
| 2 | ALESSANDRA P. SERANO |
|  | Assistant U.S. Attorney |
| 3 | California State Bar No. 204796 |
|  | Federal Office Building |
| 4 | 880 Front Street, Room 6293 |
|  | San Diego, California  92101 |
| 5 | Telephone: (619) 557-7084 |
|  | Facsimile: (619) 557-7381 |
| 6 | Email: alessandra.p.serano@usdoj.gov |
| 7 | Attorneys for Plaintiff |
|  | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.   08CR0272-WQH |
|---|---|---|
|  | ) |                                                       08CR0727-WQH |
| Plaintiff, | ) | DATE:          April 28, 2008 |
|  | ) | TIME:           2:00 p.m. |
| v. | ) |  |
|  | ) | UNITED STATES' RESPONSE AND |
| CHRISTIAN GUTIERREZ, | ) | OPPOSITION TO DEFENDANT'S |
|  | ) | MOTIONS TO: |
| Defendant. | ) |  |
|  | ) |  |
|  | ) | (1)     COMPEL DISCOVERY AND |
|  | ) |  |
|  | ) | (2)     GRANT LEAVE TO FILE |
|  | ) |          FURTHER MOTIONS |
|  | ) |  |
|  | ) | TOGETHER WITH MEMORANDUM OF |
|  | ) | POINTS AND AUTHORITIES, |
|  | ) | STATEMENT OF FACTS AND MOTION |
|  | ) | FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Alessandra P. Serano, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant Christian Gutierrez's ("Defendant") Motions and will ask this Court to issue an order denying the Defendant's Motions and granting the United States' Motion.

I

**STATEMENT OF THE CASE**

On March 12, 2008, a federal grand jury returned a single count indictment charging the Defendant with possession of marijuana with the intent to distribute.

II

**STATEMENT OF FACTS**

On January 2, 2008, DEA agents conducted a knock and talk at the residence located at 1711 Lenrey Avenue, El Centro, California after receiving a tip concerning narcotics smuggling. On that date at approximately 7:00 p.m., Ricardo Figueroa-Moreno answered the door to the residence and permitted agents to enter. Agents received consent to look inside the residence for a person who had an outstanding arrest warrant. Agents discovered several bundles in three of the four bedrooms of the residence. A total of 174 bundles weighing over 1700 kilograms were removed from the residence, which were later to have contained marijuana. Agents later discovered that the house was rented by Defendant, along with three others, however according to one of the occupants, Defendant had moved out recently.

On January 4, 2008, agents contacted Defendant via telephone and asked hm to come to the DEA office. Defendant agreed and arrived that same day at 12:15 p.m. with his parents. Defendant was advised that he was free to leave at anytime, was not under arrest, and could refuse to answer questions. He stated that he moved into the house in mid-November 2007 for $1,200.00 per month. He was present when drugs were brought in the house and could smell the marijuana throughout the house. He continued to live at the house even after he knew there was marijuana in the house. He later moved out and moved in with his parents. He further stated that he did not report the marijuana to the police because he did not want to get them into trouble. He was later arrested at approximately 1:15 p.m. that day. He was subsequently advised of his <u>Miranda</u> rights to which he acknowledged but invoked.

## II

## ARGUMENT

**A.     Discovery**

To date, the Government has delivered 79 pages of discovery. The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward. To date, the Government has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to the Defendant.

The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense. In view of the above-stated position of the United States concerning discovery, it is respectfully requested that no orders compelling specific discovery by the United States be made at this time.

**B.     Leave to File Further Motions**

The Government does not oppose Defendant's request to file further motions if based on newly produced discovery.

III

**UNITED STATES' MOTIONS**

A.   **Government's Motion for Reciprocal Discovery**

   1.   **Rule 16(b)**

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which she intends to introduce as evidence in her case-in-chief at trial. The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the Government receives the discovery to which it is entitled.

   2.   **Rule 26.2**

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form

1 these statements are memorialized in, including, but not limited to, tape recordings,
2 handwritten or typed notes, and/or reports.

## IV
## CONCLUSION

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied, and the Court grant the United States' motion.

DATED:   March 25, 2008.

        Respectfully Submitted,

        KAREN P. HEWITT
        United States Attorney


        s/Alessandra P. Serano
        ALESSANDRA P. SERANO
        Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CHRISTIAN GUTIERREZ,<br><br>          Defendant. | Case No. 08CR0727-WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

      I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions and Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      William R. Burgener, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on March 25, 2008.

                                        s/Alessandra P. Serano<br>
                                        ALESSANDRA P. SERANO